UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PENNY FERN HART,                                  :
                                                  :
         Plaintiff,                            :
                                                  :       11 Civ. 67 (RMB)
         -against-                            :
                                                  :       **DECISION & ORDER**
JOHN BELLO, et al.,                               :
                                                  :
         Defendants.                           :
------------------------------------------------------------x
JOHN BELLO, et al.,                               :
                                                  :
         Third-Party Plaintiffs,               :
                                                  :
         -against-                            :
                                                  :
THE ORIGINAL SOUPMAN INC., et al.,                :
                                                  :
         Third-Party Defendants.               :
------------------------------------------------------------x

**I.    Background**

On August 14, 2009, Penny Fern Hart ("Plaintiff") commenced this action by filing a notice of motion for summary judgment in lieu of a complaint ("Complaint") in New York State Supreme Court, New York County, against John Bello, Maj-Britt Rosenbaum, and William McCreery (collectively, "Defendants"), alleging that Defendants, who are shareholders of Soup Kitchen International, Inc. ("Soup Kitchen"), failed to pay Plaintiff, who is a director and shareholder of Soup Kitchen, certain guaranties under a loan agreement, dated April 11, 2007 ("Loan Agreement"). (See Decl. of Jonathan M. Borg, dated Mar. 25, 2011 ("Borg Decl."), Ex. A.)[1] On May 18, 2010, an involuntary bankruptcy petition against Soup Kitchen was filed in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Case").

---

[1]    On June 2, 2010, Plaintiff's motion for summary judgment was denied by Justice Bernard J. Fried. See Hart v. Bello, et al., Index No. 602538/2009, 3 (N.Y. Sup. Ct. June 2, 2010) ("The

Under the Loan Agreement, Commerce Bank ("Bank") lent the sum of $1,000,000 to Soup Kitchen ("Loan"), and each Defendant executed a personal guaranty (collectively, "Guaranties") of the Loan.  (Decl. of Anastasios P. Tonorezos, dated Mar. 4, 2011 ("Tonorezos Decl."), Ex. A,  ¶¶ 24–26, Exs. D–F.)  On April 15, 2008, Soup Kitchen failed to repay the Loan, triggering a default.  (See Aff. of Penny Fern Hart, dated Aug. 12, 2009, attached to Pl. Mem. as Ex. G ("Hart Aff."), ¶ 18.)  On or about June 11, 2008, the Bank assigned "all of its right, title, and interest in and to [the Loan]" to Plaintiff.  (Tonorezos Decl. Ex. G.)

On or about October 26, 2010, Defendants filed counterclaims ("Counterclaims") against Plaintiff alleging, among other things, breach of fiduciary duty, and aiding and abetting a fraudulent transfer of assets.  On October 26, 2010, Defendants also commenced a third party action ("Third Party Action") against the Original Soupman, Inc., Sebastian Rametta, Robert Bertrand, Daniel Rubano, Hank Gracin, Ronald L. Crane, Soup One, Inc., International Gourmet Soups, Inc., and Soup Rock Center, Inc. (collectively, "Third Party Defendants"), alleging, among other things, breach of fiduciary duty, fraudulent transfer of Soup Kitchen's assets, and breach of contract.  (See Borg Decl. Ex. D, 46–59; Tonorezos Decl. Ex. A.)

On January 5, 2011, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1452, asserting that the case is "related to" the Bankruptcy Case.  (See Not. of Removal ¶ 15); see 28 U.S.C. § 1334; In re Soup Kitchen Int'l, Inc., No. 10-44670 (Bankr. E.D.N.Y. May 18, 2010).

By letter, dated January 21, 2011, special litigation counsel to Robert L. Geltzer, the Bankruptcy Case trustee ("Trustee") to the Soup Kitchen bankruptcy estate ("Bankruptcy Estate"), advised the Court that "the Trustee intends to substitute himself for [Defendants] with

---

existence of a fact question . . . as to what actually transpired with respect to the [L]oan requires that I deny Plaintiff's motion.").)

respect to a number of [Defendants'] third-party claims, including [Defendants' claims for] breach of fiduciary duty [and] for avoidance of [] allegedly fraudulent conveyance of the assets of [Soup Kitchen]."  (See Ltr. from Trustee to Hon. Richard M. Berman, dated Jan. 21, 2011 ("Trustee Ltr.").)

On March 4, 2011, Plaintiff and Third Party Defendants filed a joint motion to remand, arguing, among other things, that (1) the Court lacks subject matter jurisdiction over this action because it is not "'related to' the Bankruptcy Case"; and (2) even if the Court concludes "that it has 'related to' jurisdiction, remand is required on the basis of abstention."  (Mem. of Law in Supp. of Pl. Mot. to Dismiss and Pl. and Third Party Defs. Joint Mot. to Remand, dated Mar. 4, 2011 ("Pl. Mem."), at 8, 19.)  In the alternative, Plaintiff "seeks to dismiss her claim[s], without prejudice, as well as to dismiss [the Counterclaims and Third Party Action]."  (Pl. Mem at 1, 7.)

On March 25, 2011, Defendants filed an opposition to the motion to remand, arguing, among other things, that (1) this case is related to the Bankruptcy Case because the outcome of this case "will impact upon the handling and administration of the [B]ankrupt[cy] [E]state"; and (2) neither mandatory nor discretionary abstention is appropriate.  (Defs. Mem. of Law in Supp. of Cross-Mot. to Transfer and in Opp'n to Mot. to Remand, dated Mar. 25, 2011 ("Defs. Mem."), at 10, 21–24.)  Defendants also contend that dismissal without prejudice is improper under Rule 41(a)(2) of the Federal Rules of Civil Procedure because Defendants have expended significant time and resources answering the Complaint and asserting Counterclaims and Third Party Claims.  (Defs. Mem. at 19.)  Defendants also cross-moved to transfer this case to the United States District Court for the Eastern District of New York to "facilitate the economic administration of [Soup Kitchen's Bankruptcy] [E]state."  (Defs. Mem. at 12.)

On April 1, 2011, Plaintiff and Third Party Defendants filed a reply.  (See Pl. Mem. of Law in Further Supp. of Mot. to Remand and in Opp'n to Defs. Mot. to Transfer, dated Apr. 1, 2011 ("Pl. Opp'n").)  On April 8, 2011, Defendants filed a sur-reply.  (See Defs. Mem. of Law in Reply to Opp'n to Cross-Mot. to Transfer, dated Apr. 8, 2011.)  The parties waived oral argument.

**For the reasons stated below, Plaintiff's motion to remand is denied, and Defendants' cross-motion to transfer is granted.**

## II.     Legal Standard

"When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand."  Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 558 (E.D.N.Y. 2010).

"[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under [the Bankruptcy Code]."  28 U.S.C. § 1334(b).  Litigation is "related to" "a pending bankruptcy proceeding [if] its outcome might have any 'conceivable effect' on the bankrupt estate."  In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992); see Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 632 F.3d 71, 78 (2d Cir. 2011).

Under 28 U.S.C. § 1334(c)(2), mandatory abstention occurs if "the action has already been commenced in state court, and it can be timely adjudicated there."[2]  In re Ames Dep't Stores, Inc., 319 F. App'x 40, 42 (2d Cir. 2009).  And, "[f]ederal courts should be sparing in

---

[2]    "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under [the Bankruptcy Code] . . . with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).

4

their exercise of discretionary abstention" under 28 U.S.C. § 1334(c)(1).  In re Texaco Inc., 182 B.R. 937, 946–47 (Bankr. S.D.N.Y. 1995).

"[T]he district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy."  In re Manville Forest Prod. Corp., 896 F.2d 1384, 1391 (2d Cir. 1990).

**III.   Analysis**

   **Motion to Remand**

   **(1)  Jurisdiction**

Plaintiff argues that the Court lacks jurisdiction and remand is appropriate because "enforcement of the [g]uaranties will not have any conceivable effect on [Soup Kitchen's Bankruptcy] [E]state."  (Pl. Mem. at 16.)  Defendants counter that this matter is "related to" the Bankruptcy Case because, "if [Defendants are] held liable on [Plaintiff's] claims, [Defendants] will have claims against [Soup Kitchen] for money damages and will be subrogated to the Plaintiff's secured claim in [the] Bankruptcy Case."  (Defs. Mem. at 10.)

The Court has jurisdiction and remand is inappropriate because Plaintiff's action against Defendants to recover on the Guaranties is clearly "related to" Soup Kitchen's pending bankruptcy in the Eastern District.  See Lifetime Brands, Inc. v. ARC Int'l, S.A., No. 09 Civ. 9792, 2010 WL 454680, at *1 (S.D.N.Y. Jan. 29, 2010); see also N.Y. City Emp. Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.), 293 B.R. 308, 322 (S.D.N.Y. 2003); see also In re Amanat, 338 B.R. 574, 579–80 (Bankr. S.D.N.Y. 2005).  "[M]any courts have found suits by creditors against guarantors to be 'related to' bankruptcy proceedings."  N.J. Steel Corp. v. Bank of N.Y., No. 95 Civ. 3071, 1997 WL 716911, at *7 (S.D.N.Y. Nov. 17, 1997).  If Defendants were to be found liable to Plaintiff, Defendants would have "a corresponding claim [against the

5

Bankruptcy Estate] based on principles of subrogation, common law indemnification or reimbursement." In re New 118th LLC, 396 B.R. 885, 891 (Bankr. S.D.N.Y. 2008); see Merrill Lynch Mortgage Capital Inc. v. Esmerian, No. 08 Civ. 5058, 2008 WL 2596369, at *1 (S.D.N.Y. June 30, 2009). Plaintiff's argument that Defendants have no hope of recovery against the Bankruptcy Estate is unpersuasive because, "[h]owever unlikely it might be that there will be sufficient value in the estate to provide for actual distributions [to a guarantor], the prospect of an effect on distributions is conceivable." See In re Extended Stay Inc., 435 B.R. 139, 150 (S.D.N.Y. 2010); see also In re Finnie, Bankr. No. 05-16373, Adv. No. 05-3652, 2007 WL 1574294, at *12 (Bankr. S.D.N.Y. May 29, 2007).

**(2) Abstention**

Plaintiff argues that "principles of mandatory . . . abstention [under 28 U.S.C. § 1334(c)(2)] require remand" because "this action can be 'timely adjudicated' in the [s]tate [c]ourt." (Pl. Mem. at 19, 20.) Defendants counter, among other things, that "the timeliness criteria . . . cannot be met." (Defs. Mem. at 22.)

Mandatory abstention is not warranted because, among other reasons, this action cannot be timely adjudicated in state court. See Parmalat Capital Fin., Ltd. v. Bank of Am. Corp., --- F.3d ---, 2011 WL 1365008, at *5 (2d Cir. 2011).[3] For one thing, the complexity of issues and the expertise required to resolve this dispute involve application of bankruptcy law. In re General Growth Properties, Inc., Bankr. No. 09-11977, Adv. No. 10-4273, 2011 WL 766129, at *7 (Bankr. S.D.N.Y. Feb. 25, 2011). Indeed, Defendants' third-party claims for breach of

---

3   "[I]n evaluating § 1334(c)(2) timeliness," courts consider "(1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the . . . bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." Parmalat, 2011 WL 1365008 at *5.

fiduciary duty and avoidance of an alleged fraudulent transfer of assets must be adjudicated in Bankruptcy Court. (See Trustee Ltr. (The trustee "intends to substitute himself [for Defendants to assert claims] pursuant to various [sections] of the [] Bankruptcy Code.")); Beal Bank, S.S.B.v. U.S. Bank, N.A., No. 10 Civ. 1401, 2010 WL 2541165, at *3 (S.D.N.Y. June 8, 2010); see also Celotex Corp. v. Edwards, 514 U.S. 300, 325 n.13 (1995).

Second, in the Bankruptcy Case, which has been ongoing for approximately one year, a meeting of creditors took place on November 24, 2010, the Trustee has been engaged in discovery since approximately November 28, 2010, and Plaintiff asserted a proof of claim against Soup Kitchen for approximately $2 million on or about February 23, 2011. See Ames, 2008 WL 7542200 at *8; In re Soup Kitchen Int'l Inc., Bankr. No. 10-44670, Dkt. 42-1 (Bankr. E.D.N.Y.). By contrast, as noted, the state court denied Plaintiff's motion for summary judgment on June 2, 2010 and no discovery has occurred since that time. (Pl. Mem. at 8.)

Third, a state court proceeding would prolong administration of the Bankruptcy Estate. Parmalat, 2011 WL 1365008 at *5. Remand to the state court would likely lead to repetitious discovery concerning the Loan and the Guaranties, and parallel (and potentially inconsistent) adjudication of the parties' rights under the Loan and the Guaranties. Id. (citing Worldcom, 293 B.R. at 331); see In re Global Crossing, Ltd. Sec. Litig., 311 B.R. 345, 349 (S.D.N.Y. 2003).[4]

Plaintiff also argues that the Court should exercise its discretion to abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(1), because "[i]f this Court abstains, there will be no effect on the administration of [the Bankruptcy] [E]state." (Pl. Mem. at 22.) Defendants counter

---

[4] Courts may also "consider the backlog of the state court's calendar (if any) relative to the federal court's calendar," Parmalat, 2011 WL 1365008 at *5. While "[c]ommon experience [might] suggest that litigation in [state] court in the normal course would take many months (or even years) longer than in [the Bankruptcy Court]," Ames, Bankr. No. 01-42217, Adv. No. 01-8153, 2006 WL 1288586, at *12 (Bankr. S.D.N.Y. Apr. 19, 2006), based upon the limited record before the Court, this factor is neutral in the abstention analysis.

that "the claims in this action will have a direct effect on the claims and assets of [the Bankruptcy Estate]."  (Defs. Mem. at 23.)

Under 28 U.S.C. § 1334(c)(1), a court may abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law."  Winstar Holdings, LLC v. Blackstone Grp. L.P., No. 07 Civ. 4634, 2007 WL 4323003, at *5 (S.D.N.Y. Dec. 10, 2007).  In considering whether permissive abstention is appropriate, courts have "considered one or more (not necessarily all) of twelve factors."[5]  Cody, Inc. v. Cnty. of Orange (In re Cody, Inc.), 281 B.R. 182, 190 (S.D.N.Y. 2002), aff'd in part, appeal dismissed in part, 338 F.3d 89 (2d Cir. 2003); MD Acquisition, LLC v. Myers, No. 08 Civ. 494, 2009 U.S. Dist. LEXIS 13549, at *14 (S.D. Ohio Feb. 23, 2009) ("Permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) are [analyzed] identical[ly].").

Analysis of the relevant factors suggests that permissive abstention (or equitable remand) is unwarranted.  See Winstar Holdings LLC v. Blackstone Grp. L.P., No. 07 Civ. 4634, 2007 WL 4323003, at *5 (S.D.N.Y. Dec. 10, 2007).  For one thing, the efficient administration of the estate clearly weighs against abstention because "clarification of the respective creditors' rights

---

[5] These twelve factors are "(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties."  See Norkin v. DLA Piper Rudnick Gray Cary, LLP, No. 05 Civ. 9137, 2006 WL 839079, at *5 (S.D.N.Y. 2006); Whitney Lane Holdings, LLC v. Don Realty, LLC, No. 08 Civ. 775, 2010 WL 1257879, at *7 (N.D.N.Y. Mar. 26, 2010).

may benefit the administration of the estate," In re Kessler, 430 B.R. 155, 166 (Bankr. M.D. Pa. 2010), and remand could "slow the pace of litigation dramatically," see supra Part III.2.  See also In re Taub, 413 B.R. 69, 79 (Bankr. E.D.N.Y. 2009).

Second, bankruptcy issues predominate and "significant bankruptcy questions will inform on the progress of the litigation" i.e., Plaintiff's claims will impact "what is and is not property of the [Bankruptcy Estate]," In re Applegate, 414 B.R. 209, 217 (Bankr. N.D. Ohio 2008), and Defendants' claims will be litigated under the Bankruptcy Code, City of St. Louis v. Velsicol Chem. Corp., 708 F. Supp. 2d 632, 659 (E.D. Mich. 2010); (Trustee Ltr.); see McDaniel v. ABN Amro Mortg. Grp., 364 B.R. 644, 655 (S.D. Ohio 2007); Winstar, 2007 WL 4323003 at *6; In re Taylor, --- B.R. ---, 2011 WL 590399, at *2 (Bankr. W.D. Pa. 2011).

Third, this case does not involve difficult or unsettled questions of state law.  The state issues are in "well settled areas," including breach of contract and breach of fiduciary duty. Norkin, 2006 WL 839079 at *5; Winstar, 2007 WL 4323003 at *5 (citing Texaco, 182 B.R. at 946–47); In re Hearthside Baking Co., Inc., 391 B.R. 807, 817 (Bankr. N.D. Ill. 2008).

Fourth, the Complaint, Counterclaims, and Third Party Action have a high degree of relatedness to the Bankruptcy Case and they "turn largely on issues that are intertwined."  See Norkin, 2006 WL 839079 at *5.

And, the likelihood of forum shopping is de minimis.  See In re DHP Holdings II Corp., 435 B.R. 220, 233 (Bankr. D. Del. 2010) (party was not forum shopping when it sought venue in the district where bankruptcy proceedings are pending); In re Scholtzsky's, Inc., 351 B.R. 430, 436 (W.D. Tex. 2006) ("For forum shopping to become a significant factor in the abstention calculus, it must rise to a level demonstrating an attempt to abuse or manipulate the judicial process."); see also Allen v. J.K. Harris & Co., LLC, 331 B.R. 634, 643 (E.D. Pa. 2005).

**Motion to Transfer**

Defendants argue that the Court should transfer this case to the Eastern District of New York "because resolution of this case in the Bankruptcy Court will cause no hardship to the parties, will promote procedural fairness, and will protect all parties against inconsistent results." (Defs. Mem. at 11.)[6] Plaintiff counters that because this case "is not related to [Soup Kitchen's] bankruptcy case, Defendants' cross-motion should not be considered." (Pl. Opp'n at 9.)

Transfer of the case to the Eastern District of New York is appropriate. Tallo, 321 B.R. at 29 (citing In re Enron Corp., 317 B.R. 629, 642 (Bankr. S.D.N.Y. 2004); MD Acquisitions, 2009 U.S. Dist. LEXIS 13549 at *12.[7] First and foremost, "[t]he weight normally attached to the plaintiff's choice of forum is effectively cancelled out . . . by the presumption that the proceeding should be heard in the same district as the underlying bankruptcy." Norkin, 2006 WL 839079 at *6 (internal alterations and quotation marks omitted); Manville, 896 F.2d at 1391. Second, convenience of parties and witnesses, location of relevant documents, and the availability of process to compel the attendance of unwilling witnesses, all appear to be neutral or to support transfer because the Bankruptcy Court lies "just across the river" and is "unlikely to pose additional inconvenience to the parties." See Tallo, 321 B.R. at 29. And, most of Soup Kitchen's assets appear to be located in the Eastern District of New York. See In re Soup

---

[6] "[M]otions to transfer actions that are related to [bankruptcy] cases [are] controlled by § 1404, the general change of venue provision, rather than § 1412." Tultex Corp. v. Freeze Kids, LLC, 252 B.R. 32, 36 (S.D.N.Y. 2000).

[7] The factors a district court considers on a motion to transfer are, among other things "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006).

10

Kitchen, No. 10-44670, Sched. B to Bankr. Pet.; Harris v. Brody, 476 F. Supp. 2d 405, 406–07 (S.D.N.Y. 2007); see also Enron, 284 B.R. at 390; D.H. Blair, 462 F.3d at 106–07; McHale v. Citibank, N.A., No. 09 Civ. 6064, 2009 WL 2599749, at *5 (S.D.N.Y. Aug. 24, 2009).[8] Notwithstanding "the presence in [this] proceeding of non-debtor parties," this factor alone does not outweigh the other factors weighing against abstention.  See Texaco, 182 B.R. at 946–47.

**Plaintiff's Application for Dismissal Without Prejudice**

Plaintiff seeks voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and argues, among other things, that "where a defendant refuses to consent to [] voluntary dismissal, . . . dismissal may still be granted upon such terms and conditions as the [C]ourt deems proper."  (Pl. Mem. at 7.)  Defendants counter that "dismissal of the case at this point will prevent the adjudication of claims and issues which are necessary [to the Bankruptcy Case]."  (Defs. Mem. at 14.).

"[E]xcept where all parties agree to a stipulation of dismissal, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Zagano, 900 F.2d at 14 (internal quotation marks omitted).

Dismissal without prejudice is not appropriate for several reasons.[9]  See Zagano, 900 F.2d at 14.  Defendants have invested considerable time and expense in opposing Plaintiff's

---

[8] The Court "addresses [only] those factors that the parties consider sufficiently pertinent to have mentioned or addressed."  Canale v. Manco Power Sports, LLC, No. 06 Civ. 6131, 2007 WL 2406904, at *3 (S.D.N.Y. Aug. 20, 2007).

[9] The following factors are relevant to deciding whether to grant a Rule 41(a)(2) motion "(1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of

11

motion for summary judgment, in asserting Counterclaims and a Third Party Action, in removing this action, and in litigating motions to remand and to transfer.  See Camilli v. Grimes, 436 F.3d 120, 124 (2d Cir. 2006) ("The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant [has] been put to the trouble of getting his counter case properly pleaded and ready[;] [in such case the defendant] may insist that the cause proceed to a decree." (internal quotation marks omitted) (quoting In re Skinner & Eddy Corp., 265 U.S. 86, 93–94 (1924))); Zagano, 900 F.2d at 14.  In the event that Plaintiff were to refile her suit (following any dismissal without prejudice), Defendants would "be prejudiced to the extent of bearing the expense of litigating in two different courts issues that arise out of . . . common operative facts."  Pizzulli v. Northwestern Mutual Life Ins. Co., No. 05 Civ. 1889, 2006 WL 490097, at *2 (S.D.N.Y. Feb. 28, 3006).  Plaintiff's stated reason for seeking dismissal without prejudice—"to permit [Soup Kitchen or The Soup Man, Inc., its successor,] an opportunity to pay off [the Loan]"—is not persuasive because Soup Kitchen is in bankruptcy and repayment of the Loan has not occurred during the almost three years since Plaintiff first demanded it.  (Pl. Mem. at 8; Pl. Ltr. to Hon. Richard M. Berman, dated Feb. 11, 2011); see Comunidad Autonoma Del Pais Vasco v. Am. Bureau of Shipping, Inc., No. 04 Civ. 671, 2006 WL 2254958, at *4 (S.D.N.Y. Aug. 4, 2006).

## IV.   Conclusion

For the reasons stated above, the motion to remand [#12] is denied, and the motion to transfer [#15] is granted.  The Clerk of the Court is directed to transfer this case to the United

---

plaintiff's explanation for the need to dismiss."  Zagano, 900 F.2d at 14 (internal quotation marks omitted).

States District Court for the Eastern District of New York and to close this case on the Court's docket.

Dated: New York, New York
April 27, 2011

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**

13